IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JUNE 1995 SESSION



FILED

September 13, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MELVIN CURRIE, | ) | NO. 02C01-9501-CC-00020 |
| | ) | |
| Appellant | ) | HAYWOOD COUNTY |
| | ) | |
| V. | ) | HON. DICK JERMAN, JR. |
| | ) | JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | (Habeas corpus) |
| Appellee | ) | |

FOR THE APPELLANT:

Melvin Currie, Pro Se
Reg. No. 13338-076
F.C.I. Memphis
1101 John A. Denie Road
Memphis, Tennessee 38184-0550

FOR THE APPELLEE:

Charles W. Burson
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Cyril V. Fraser
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Clayburn L. Peeples
District Attorney General
109 East First Street
Trenton, Tennessee 38382

OPINION FILED: _____

REVERSED AND REMANDED

William M. Barker, Judge

On November 3, 1993, the appellant filed a pro se petition collaterally attacking his March 4, 1991, felony conviction in the Circuit Court of Haywood County. The petition was one seeking a writ of habeas corpus. By order entered May 18, 1994, the trial court dismissed the petition without appointing counsel for the appellant and without an evidentiary hearing. It is from the action of the trial court in dismissing the petition that this appeal is taken.

After carefully considering the record in this case, the applicable law, and the arguments of the parties, we conclude that the trial court erred in dismissing the petition without appointing counsel and without conducting an evidentiary hearing. Accordingly, we reverse the trial court's summary dismissal of the appellant's petition and remand this cause with directions to the trial court to appoint counsel for the indigent appellant and to conduct an evidentiary hearing to determine if the facts support the granting of any relief to the appellant.

In his inartfully drawn petition the appellant alleged that:

(1) The trial court exceeded its jurisdiction in sentencing him to a sentence in excess of that provided by law;

(2) His guilty plea was involuntarily and not intelligently entered; and

(3) He was denied effective assistance of counsel.

In Passarella v. State, 891 S.W.2d 619, 626-27 (Tenn. Crim. App. 1994), this Court outlined the circumstances under which habeas corpus relief is available:

> It is a well-established principle of law that the remedy of habeas corpus is limited in scope as well as relief. In criminal cases, the remedy is limited to cases where the judgment is void or the term of imprisonment has expired . . . If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief.

2

Appellant's claim that the trial court lacked jurisdiction to sentence him to a term in excess of that provided by law, if true, would render his conviction void. See Archer v. State, 851 S.W.2d 157 (Tenn. 1993).

Central to appellant's claim in this regard is his contention that he pled guilty to Count 1 of a five count indictment. The State argues that he was convicted of one (1) count of the indictment, not Count 1 of the indictment. The indictment charges, in Count 1, that in December, 1988, the appellant sold counterfeit cocaine. The remaining counts involved the felonious possession and/or sale of cocaine.

Although the "Plea of Guilty and Waivers of Jury Trial and Appeal" form executed by the appellant supports the position of the State in this regard, the true source of the confusion in this case is the inconsistency on the face of the judgment entered on March 4, 1991, following the appellant's guilty plea. On one place the judgment form indicates that the appellant was convicted on Count 1 of the indictment (selling counterfeit cocaine), and yet the body of the judgment form reflects that he was convicted of the sale of cocaine (the offense charged in Count 3 of the indictment).

When the appellant entered his guilty plea, the crime of selling counterfeit cocaine provided for a sentence of not less than one (1) year and not more than two (2) years imprisonment for conviction as a Range I Class E felon. Tenn. Code Ann. § 40-35-118 (1994 Supp.) and § 40-35-112 (5) (1990 Repl.). The sale of cocaine is a Class C felony and persons convicted of that offense are to be sentenced to not less than three (3) years nor more than six (6) years as a Range I offender. Tenn. Code Ann. § 40-35-118 and § 40-35-112 (3).

Thus, if the appellant was convicted of the offense of selling counterfeit cocaine upon his plea of guilty, the six (6) year sentence exceeded that allowed by law for a Range I offender. Yet if he was convicted of selling cocaine upon his plea of guilty, the sentence given was within the range provided by law for a Range I offender.

3

Without an evidentiary hearing and findings of fact on this issue, we cannot determine with any degree of certainty whose position is the correct one in view of the contradictory judgment order in this case.

The remaining allegations of the appellants petition, even if true, would not render his conviction void as required for a writ of habeas corpus, but would render his conviction voidable. In order for a court to issue a writ of habeas corpus, the petitioner's sentence must have expired and/or the conviction must be void and the petitioner eligible for immediate release. However, convictions which are either void or voidable may be collaterally attacked by a petition for post-conviction relief pursuant to the Post-Conviction Procedure Act. Tenn. Code Ann. § 40-30-105 (1990 Repl.).

A petition for habeas corpus may be treated as a petition for post-conviction relief. Tenn. Code Ann. § 40-30-108 (1990 Repl.). This petition was one which should have been so treated. It was filed within the three (3) year period of limitation provided by the Post Conviction Procedure Act, and it asserted allegations which, if true, would entitle the petitioner to relief from his conviction.

Therefore, the judgment of the trial court in dismissing the appellant's petition is reversed, and this cause is remanded to the trial court for further action consistent with this opinion.

_____
William M. Barker, Judge

Concur by:


_____
Paul G. Summers, Judge



_____
Mary Beth Leibowitz, Special Judge

4